UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TYRON BELL, on behalf of himself and others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | No.  4:14cv1598 RWS |
| vs. | ) ) | **JURY TRIAL DEMANDED ON ALL** |
| CENTRAL TRANSPORT LLC and CENTRAL TRANSPORT INT'L INC. | ) ) ) | **CLAIMS TRIABLE BY JURY** |
| Defendants. | ) ) ) | |

_____

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
DISMISS INDIVIDUAL FLSA ACTIONS**
_____

Pursuant Rule 12(h)(3) of the Federal Rules of Civil Procedure, Defendants Central Transport LLC and Central Transport International, Inc. (referred to collectively herein as "Central Transport" or "Defendants"), submit the following memorandum of law in support of their motion to dismiss all claims of the Plaintiff, Tyron Bell (hereinafter "Plaintiff" or "Bell") and the Opt-In Plaintiff Garfield Lacy (hereinafter "Opt-In Plaintiff" or "Lacy").

**I.    Introduction**

This is a wage and hour case alleging unpaid overtime work by two former employees of Central Transport, Tyron Bell and Garfield Lacy.  Plaintiff Bell filed his original Complaint against Central Transport on September 12, 2014 and his First Amended Complaint on November 12, 2014.  ECF Doc. Nos. 1, 25.  On November 21, 2014, Plaintiff's counsel filed Notice of Filing Consent to Become Party Plaintiff on behalf of Garfield Lacy. ECF Doc. 29.

The Defendants acknowledge for the purpose of this Motion that a small subset of custodial staff working for Central Transport between September 12, 2011 and February 23,

2014, were initially not paid overtime to which they were entitled under the Fair Labor Standards Act (hereinafter "FLSA").  Due to human error, thirteen employees, approximately half of whom started their employment with Central Transport as exempt-classified freight handlers and who were promoted to non-exempt custodial positions, were not paid overtime at a rate of one-and-one-half the regular rate of hours worked between forty (40) and fifty-five (55) hours per workweek.[1]  ECF Doc. No 30-1, *Michael Hott Declaration*, ¶6.  These individuals were paid time and a half for any hours they reported working in excess of fifty-five (55) in a workweek.  *Id*.  Central Transport reviewed and corrected the aforementioned error, and beginning on February 23, 2014, paid an overtime premium to any and all persons employed as custodians for any hours worked in excess of forty (40) in a workweek.  *Id*.

In the Amended Complaint, Plaintiff Bell alleges he worked as an hourly paid, non-exempt janitor for Central Transport from approximately October 2013 to approximately April 2014.  ECF Doc. No. 25, ¶¶10-13.  Plaintiff Bell contends he was entitled to, but not paid, overtime at a rate of one-and-one-half the regular rate for hours worked between forty (40) and fifty-five (55) hours per workweek.[2]  *Id*. at ¶¶15-16.  The Plaintiff's self-recorded time documented that he work a total of 229 hours of overtime for which he was not compensated at an overtime premium.  *Id*. ¶18; ECF Doc. No. 30, ECF Doc. *Michael Hott Dec.* ¶18.

On November 14, 2014, Defendants made an Offer of Judgment to Plaintiff Bell pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Rule 68") in the amount of $4,500 in order to avoid the costs and burdens associated with litigation.  *ECF Doc. No.* 29, ¶19.  The plain

---

[1]  Based on Central Transport's internal records review, only thirteen employees were affected by this error.  ECF Doc. No. 30-1, Michael Hott Dec., ¶6.

[2]  Mr. Bell concedes he received overtime pay "at a rate of one-and-one-half the regular rate for hours worked in excess of fifty-five (55) hours or more during a single workweek."  ECF Doc. No. 25, ¶15.

purpose of Rule 68 is to encourage settlement and avoid litigation. *Marek v. Chesny*, 473 U.S. 1, 5 (1985). The amount offered to Plaintiff is more than **triple** the amount of overtime pay he could possibly recover under the FLSA.[3]  Defendants' Rule 68 offer of judgment further provided for an award of reasonable attorney's fees, litigation expenses, and costs of suit to be determined by the Court. ECF Doc. No. 30-5, *Michael Hott Dec.,* <u>Exhibit D</u>.

On November 21, 2014, Plaintiff's counsel filed Notice of Filing Consent to Become Party Plaintiff on behalf of the Opt-In Plaintiff, Mr. Lacy. ECF Doc. No. 29. Relying on the Opt-In Plaintiff's own time-records, the Opt-In Plaintiff only recorded working in excess of forty (40) hours in one of the three (3) weeks during which he worked as a custodian. ECF Doc. No. 30-1, *Michael Hott Dec.*, ¶13. In total, the Opt-In Plaintiff recorded working fifteen (15) hours for which he was entitled, but did not receive, overtime. *Id*. ¶13. On November 24, 2014, the Defendants made an Offer of Judgment to Mr. Lacy pursuant to Rule 68 in the amount of $500. *Id*. ¶15. The amount offered to Plaintiff is more than **quadruple** the amount of overtime pay he could possibly recover under the FLSA. Defendants' Rule 68 offer of judgment further provided for an award of reasonable attorney's fees, litigation expenses, and costs of suit to be determined by the Court. ECF Doc. No. 30-3, *Michael Hott Dec.,* <u>Exhibit B</u>.

As a result of the Defendants' Rule 68 offers of judgment, the named Plaintiff and the Opt-In Plaintiff no longer have a personal stake or legally cognizable interest in the outcome of this action, which is a prerequisite to this Court's subject matter jurisdiction under Article III of the United States Constitution. Therefore, because the undisputed facts show that Defendants'

---

[3]  Under the FLSA, the Plaintiff is entitled to recover unpaid overtime pay, and potentially an equal amount as liquidated damages.  In other words, setting aside attorneys' fees and costs, the maximum the Plaintiff could possibly recover is an amount which is *double* the amount of the overtime pay he is allegedly due.  Central Transport's offers of judgment offered Mr. Bell more than *triple* the amount of his recoverable overtime pay, and offered Mr. Lacy more than *quadruple* the amount of his recoverable overtime pay.

offers of judgment are greater than the sum they could potentially recover in this litigation, their claims should be dismissed pursuant to Fed. R. Civ. P. 12(h)(3), and Defendants are entitled to an entry of judgment dismissing the Plaintiff and Opt-In Plaintiff's individual claims as a matter of law.

## II.    Defendants' Rule 68 Offers of Judgment

### A.    *Defendants' Rule 68 Offer of Judgment Tendered to Plaintiff Bell*

Defendants' calculated the amount of the Rule 68 offer of judgment submitted to Mr. Bell by multiplying the 229 hours Mr. Bell himself recorded as having worked between forty (40) and fifty-five (55) hours in any workweek during his employment as a custodian by $6.50 (which is one-half his regular hourly rate of $13.00), resulting in $1,488.50 in potential overtime compensation.  ECF Doc. No. 30-1, *Michael Hott Dec.*, ¶18.  This amount was then tripled for a total of $4,465.50, which was subsequently rounded up to the $4,500.00 figure offered on November 14, 2014. ECF Doc. No. 30-1, *Michael Hott Dec.*, ¶19.  The maximum Plaintiff Bell could recover is double his recoverable overtime pay under the liquidated (or double) damages provision of the FLSA (or $2,977.00).   The additional $1,523.00 which the Defendants are offering over and above Mr. Bell's maximum recovery under the FLSA ($4,500.00 - $2,977.00) equates to 234.30 hours of overtime pay at his $6.50 overtime rate, and 117.15 hours of straight-time pay at his $13.00 regular rate.  Defendants' Rule 68 offer of judgment further provides for an award of reasonable attorney's fees, litigation expenses, and costs of suit to be determined by the Court. ECF Doc. No. 30-5, *Michael Hott Dec.,* Exhibit D.  Central Transport's tendered Rule 68 offer of judgment to the Plaintiff more than fully compensates Mr. Bell for the damages he is seeking in this litigation.

B.     *Defendants' Rule 68 Offer of Judgment Tendered to the Opt-In Plaintiff*

Defendants' calculated the amount of the Rule 68 offer of judgment submitted to Mr. Lacy by multiplying the 15 hours he recorded as having worked between forty (40) and fifty-five (55) hours in any workweek during his employment as a custodian by $7.00 (which is one-half his regular hourly rate of $14.00), resulting in $105.00 in potential overtime compensation. ECF Doc. No. 30-1, *Michael Hott Dec.*, ¶¶13, 14.  This amount was then quadrupled for a total of $420.00, which was then rounded up to the $500.00 figure offered on November 24, 2014. ECF Doc. No. 30-1, *Michael Hott Dec.*, ¶15.  The maximum Opt-In Plaintiff could recover is double his recoverable overtime pay under the liquidated (or double) damages provision of the FLSA (or $210.00).  The additional $290.00 which the Central Transport Defendants are offering over and above Mr. Lacy's maximum recovery under the FLSA ($500.00 - $210.00) equates to 41.43 hours of overtime pay at his $7.00 overtime rate, and 20 hours of straight-time pay at his $14.00 regular rate.  Defendants' Rule 68 offer of judgment further provides for an award of reasonable attorney's fees, litigation expenses, and costs of suit to be determined by the Court. ECF Doc. No. 30-3, *Michael Hott Dec.,* <u>Exhibit B</u>.  Defendants' tendered Rule 68 offer of judgment to Opt-In Plaintiff more than fully compensates Mr. Lacy for the damages he is seeking in this litigation.

C.     *Defendants' Remediation to Other Affected Employees*

While calculating the potential damages owed to the Plaintiff and Opt-In Plaintiff, Central Transport also calculated the overtime pay for each of the other eleven (11) persons who worked as janitors between September 12, 2011 and the present and did not receive overtime compensation for working more than forty (40) hours in a workweek. ECF 30-1, *Michael Hott Dec.*, ¶9.  The overtime pay allegedly due to these individuals in overtime compensation was $7,940.97.  ECF 30-1, *Michael Hott Dec.*, ¶10.  This figure was calculated by multiplying the

5

number of hours these individuals reported working between forty (40) and fifty-five (55) in a workweek between September 12, 2011 and the present.  ECF 30-1, *Michael Hott Dec.*, ¶9. Each affected individual received a check in the amount of the overtime pay allegedly due, an amount equal to the overtime pay as liquidated damages, and an additional $100.  ECF 30-1, *Michael Hott Dec.*, ¶11.   The amount provided to these individuals is, therefore, more than they could recover under the FLSA.

## III.   Argument

### A.   Legal Standard

"Federal courts are courts of limited jurisdiction."  U.S. Cont., art. III, §2.  Jurisdiction is lacking when an "actual, ongoing case or controversy" is no longer present.  *See Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994).  In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or "personal stake" in the outcome of the action.  *Camreta v. Greene*, 131 S. Ct. 2020 (2011).  A corollary to the case-or-controversy requirement is that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)(*quoting Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed as moot.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990).

Plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. *See Green Acres Enters., Inc., v. United States*, 418 F.3d 852, 856 (8th Cir. 2005).  Where subject matter jurisdiction is lacking, the Court has the responsibility to ensure that it has subject matter jurisdiction at all stages of review and not merely at the time the complaint was filed.  *See Genesis Healthcare Corp. v. Symczyk*, 113 S. Ct. 1523, 1528 (2013).  Because jurisdiction is a

6

threshold question, the court may look outside the pleadings in order to determine whether subject matter jurisdiction exists. *Green Acres Enters.*, 418 F.3d at 856.

      B.     *Plaintiff and Opt-In Plaintiff's Claims Under the FLSA are Moot Because Defendants Served Offers of Judgment Greater than Their Maximum Potential Recovery*

A defendant's offer to pay the full amount of the plaintiff's potential recovery is an intervening circumstance that renders the plaintiff's claim moot because the plaintiff loses a legally cognizable interest in the outcome of the litigation. *See Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003); *Lake Coal Co., Inc. v. Roberts & Schaefer Co.*, 474 U.S. 120, 120 (1985)(Supreme Court vacated judgment of lower court and remanded with instructions to dims case as moot because there was a "complete settlement of the underlying cause of action"). Once a defendant makes an offer providing for complete relief, the district court loses subject matter jurisdiction over the plaintiff's case. *See Young v. LVNV LLC*, No. 4:12-cv-01180 (AGF), 2013 U.S. Dist. LEXIS 122225, at *6 (E.D. Mo. August 28, 2013)("A plaintiff becomes deprived of a personal stake in the outcome of a lawsuit when a defendant makes an offer of judgment for a sum equal to or greater than the sum plaintiff could obtain by proceeding to trial and the plaintiff rejects that offer; such an offer eliminates the controversy between the parties and leaves nothing for the court to resolve.").

By tendering an offer of judgment under Rule 68 encompassing all the relief a plaintiff could recover at trial, no justiciable controversy remains and the claim must be dismissed – even if the plaintiff rejected the offer. *See Sandusky Wellness Ctr. LLC v. Medtox Scientific, Inc.*, No. 12-2066(DSD/SER), 2013 U.S. Dist. LEXIS 100261, at **3-4 (D. Minn. July 18, 2013) (telephone consumer protection act case); *see also* 13A Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure: Jurisdiction 2d §3533.2, at 236 (2d ed. 1984)("Even when one party

wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case."). These mootness principles also apply to FLSA collective actions where defendants have offered plaintiffs full relief.  *See Genesis*, 133 S. Ct. at 1529; *Helper v. Abercrombie & Fitch Co.*, 2014 U.S. Dist. LEXIS 142031, *4 ("the offer of full recovery under the FLSA rendered that claim moot").

In this case, Plaintiff Bell's claim became moot when the Defendants tendered its Rule 68 offer of judgment providing complete relief under the statute.  Two district courts in the Eighth Circuit have similarly held that a Rule 68 offer of judgment providing complete relief rendered a plaintiff's FLSA action moot.  *See Campbell v. Northwest Health & Rehab, Inc., 4:12-cv-176-DPM,* 2014 U.S. Dist. LEXIS 18379, *2-3 (E.D. Ark. February 13, 2014) *and Hendricks v. Inergy, L.P.*, 4:12CV00069 JLH, 2014 U.S. Dist. LEXIS 6044, *13 (E.D. Ark. January 6, 2014). The District Court in *Campbell* specifically ruled that the unaccepted settlement offers tendered made these plaintiffs whole. *Campbell*, 2014 U.S. Dist. LEXIS 18379, at *3.  As a result, there was no "controversy in the constitutional sense" requiring the Court to granted the defendants' motion to dismiss.  *Id.*

There is comparable authority from district courts across the country holding that an offer of judgment providing complete relief to a plaintiff via Rule 68 renders the case moot in FLSA actions. *See e.g., Aleman v. Innovative Elec. Servs. L.L.C.*, 14-cv-868 (KBF), 2014 U.S. Dist. LEXIS 139008, *6-8 (S.D.N.Y. September 15, 2014)(defendants' Rule 68 offer of judgment to the named plaintiffs fully satisfying all claims rendered the action moot even when the plaintiffs filed a motion of conditional certification and a motion to amend complaint to add additional parties); *Diaz v. Castro*, H-13-1242, 2014 U.S. Dist. LEXIS 113064 (S.D. Tex. August 14, 2014)(*citing Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008)) ("In the Fifth

Circuit the mootness doctrine generally applies to FLSA collective action overtime cases when, before other employees opt into the suit, the defendant offers the plaintiff full relief, even if he rejects it"); *Franco v. Allied Interstate LLC*, No. 13 Civ. 4053, 2014 U.S. Dist. LEXIS 139008, *7 (S.D.N.Y. April 2, 2014)("mootness of a named plaintiffs individual claim renders a collective action requesting statutory damages under the [FLSA] moot even prior to certification"); *Cisneros v. Taco Burrito King 4, Inc.*, No. 13 CV 6968, 2014 U.S. Dist. LEXIS 33234 (N.D. Ill. March 14, 2014)(court dismissed plaintiff's FLSA action where plaintiff filed motion for conditional certification one month after defendants sent plaintiff an offer letter to fully satisfy plaintiff's FLSA claim); *but see e.g.*, *Anjumv. J.C. Penney Co.*, 13 CV 0460 (RJD) (RER), 2014 U.S. Dist. LEXIS 144199 (E.D.N.Y. October 9, 2014) *and Moreira v. Sherwood Landscaping Inc.*, 13-CV-2640(JS)(AKT), 2014 U.S. Dist. LEXIS 130454 (E.D.N.Y. September 16, 2014).  Here, Defendants have offered the Plaintiff and the Opt-In Plaintiff greater relief than they could recover under the FLSA.  Plaintiff and Opt-In Plaintiff's causes of action are moot and should be dismissed as a matter of law.

District courts from the Eighth Circuit have held that a Rule 68 offer of judgment providing complete relief to plaintiffs under the FLSA render such a cause of action moot.  *See Campbell*, 2014 U.S. Dist. LEXIS 18379, *2-3 *and Hendricks v. Inergy, L.P.*, 4:12CV00069 JLH, 2014 U.S. Dist. LEXIS 6044, *13 (E.D. Ark. January 6, 2014).  Simply stated, there is no longer a viable cause of action to conditionally certify, and no remaining group or class of employees are entitled to relief in light of Central Transport's remediation.  Although Defendants concede that there is a split among district courts throughout the country on this topic, there is ample and more persuasive authority for this Court to find that the Plaintiff's cause of action no longer presents a justiciable controversy.  Since there is no longer a justiciable controversy, this

Court lacks subject-matter jurisdiction, and the Defendants are entitled to a dismissal as a matter of law.

> C.   *Defendants' Rule 68 Offers Provide Complete Relief to the Plaintiff, Opt-In Plaintiff and any Potential Future Class Members*

Defendants have provided complete relief to the Plaintiff and the Opt-In Plaintiff in the offers of judgment tendered in this matter.  This is significant as some district courts have declined to find an FLSA action mooted when there was a question as to whether the defendant's Rule 68 offer of judgment provided "complete relief."[4]  Here, the Defendants have provided a comprehensive explanation of its damages calculations based on the Plaintiff and Opt-In Plaintiff's own time-keeping.  Plaintiff Bell has been extended an offer of judgment **three times** the amount of overtime pay he would be entitled to recover if he ultimately prevailed at trial and Opt-In Plaintiff Lacy has been extended an offer of judgment more than **four times** the amount of overtime pay he would be entitled to recover pursuant to the statute.  There can be no doubt that Defendants' Rule 68 offers of judgment provide the named Plaintiff and the Opt-In Plaintiff with the "complete relief" they seek under the FLSA.  Moreover, the Defendants' offers of judgment allow the Court to decide reasonable attorneys' fees pursuant to the statute.

Any claim that Plaintiff purports to represent others in this collective action is similarly flawed.  Because Plaintiff's claim has been mooted, he lacks any personal interest representing

---

[4]  *See Ramirez v. Lone Star Pediatrics, P.A.*, 2014 U.S. Dist. LEXIS 43092 (N.D. Tex. March 31, 2014)(court found it was premature to decide whether plaintiff's cause of action was mooted in the face of a Rule 68 offer of judgment because the offer did not address attorney's fees); *Amrhein v. Regency Mgmt. Servs. LLC.*, SKG-13-1114, 2014 U.S. Dist. LEXIS 36477. *20-21 (D. Md. March 20, 2014)(court denied defendant's motion to dismiss FLSA claim after making Rule 68 offer of judgment because there was no agreement as to the amount of damages to which plaintiffs would be entitled because the defendants did not provide basis for their calculation of damages); *Mould v. NJG Food Serv., Inc.*, No. JKB-13-1305, 2013 U.S. Dist. LEXIS 170855 (D. Md. December 4, 2013)(court denied defendants' motion to dismiss because it was unable to determine whether Rule 68 offer of judgment offered complete relief to the plaintiffs); *Will v. Panjwani*, 1:13-cv-1055-JMS-MJD, 2013 U.S. Dist. LEXIS 141454 (S.D. Ind. October 1, 2013)(denied defendants' motion to dismiss because the Rule 68 offer of judgment did not provide complete relief).

others in this action.  *See Genesis*, 133 S. Ct. at 1532.  "While the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and 'other employees similarly situated,' the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." *Id.* (*citing* 29 U.S.C.§216(b)).  In this case, Plaintiff Bell no longer has a procedural right to represent a class, assuming one exists.[5]  Even if this Court were to find some inherent procedural right, Defendants' remediation to the other, potentially similarly-situated individuals (i.e., the eleven other custodians who worked overtime between September 12, 2011 and the present), has the practical effect of mooting any FLSA claim these former employees may have had.[6]  Simply stated, the Defendants' Rule 68 offers of judgment and remediation remove any controversy from this litigation.   As a result, this Court no longer has subject-matter jurisdiction to adjudicate this matter because there is nothing in dispute. The Court should dismiss this cause of action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, and set an briefing scheduling on the issue of reasonable attorney's fees.

## III.   Conclusion

For the foregoing reasons, this Court should grant the Defendants' Motion and dismiss the Plaintiff and Opt-In Plaintiff's claims in their entirety.

---

[5]  Because Plaintiff Bell's claim was mooted by the Defendants Rule 68 offer of judgment, he was without standing to file his Motion for conditional certification.

[6]  All custodians other than the thirteen (13) referenced herein were properly classified as non-exempt, overtime eligible employees (ECF Doc. No. 30-1, *Michael Hott Dec.*, ¶6), and thus are not "similarly-situated" to either the Plaintiff or Opt-In Plaintiff, or to the eleven (11) persons to whom remediation checks have already been mailed.

Respectfully submitted,

ATTORNEYS FOR DEFENDANTS:

DICKINSON WRIGHT PLLC  and
ARMSTRONG TEASDALE LLP

 By:/s/ *M. Reid Estes, Jr.*
M. Reid, Estes, Jr., PRO HAC
Darrell L. West, PRO HAC
Robert C. Caldwell, PRO HAC
424 Church Street, Suite 1401
Nashville, TN 37219
Telephone:  615.244.6538
Fax:  615.256.8386
REstes@dickinson-wright.com
DWest@dickinson-wright.com

Sheena R. Hamilton, #62921MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
shamilton@armstrongteasdale.com

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 26, 2014, a true and correct copy of the foregoing Defendants' Memorandum of Law in Support of Their Motion to Dismiss Individual FLSA Actions has been served on the following individuals consenting to electronic service by operation of the Court's electronic filing system:

> Cyrus Dashtaki
> Dashtaki Law Firm, LLC
> 5201 Hampton Avenue
> St. Louis, MO 63109
> cyrus@dashtaki.com

> Kevin J. Dolley
> Law Offices of Kevin J. Dolley, LLC
> 2726 South Brentwood Blvd.
> St. Louis, MO  63144
> kevin@dolleylaw.com

*/s/ M. Reid Estes, Jr.*
M. Reid Estes, Jr.

NASHVILLE 27287-12 518366v1