UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TYRON BELL, | ) | |
| *On behalf of himself and all other* | ) | |
| *persons similarly situated*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14 CV 1598 RWS |
| | ) | |
| CENTRAL TRANSPORT, LLC and | ) | |
| CENTRAL TRANSPORT | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This case is a collective action filed to recover unpaid overtime wages from Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (FLSA). Defendants have made an offer of judgment to the named plaintiff in this action and to the only opt-in plaintiff. Defendants have also fully compensated the universe of other effected individuals. Defendants assert that the named plaintiffs' claims are moot and have moved to dismiss this case based on a lack of subject matter jurisdiction. I agree that the claims are moot and will grant Defendants' motion to dismiss. I will also enter a judgment for the named plaintiffs based on Defendants' offers of judgment.

*Background*

Plaintiff Tyron Bell was employed by Defendants (Central Transport) as a janitor/custodian from October 2013 until April 2014 at Central Transport's St. Louis, Missouri terminal. In his amended complaint, filed on November 12, 2104, Bell alleges that he routinely worked in excess of fifty-five hours per workweek. He alleges that Central Transport had a policy of, and paid, hourly employees overtime at the rate of one-and-one-half times the regular wage rate for hours worked in excess of fifty-five hours in a single workweek. However, Bell alleges that Central Transport failed to pay him, and similarly situated janitors at Central Transport, overtime at the rate of one-and-one-half times the regular wage rate for hours worked between forty and fifty-five hours in a single workweek. This lawsuit, a proposed collective action, seeks to recover these overtime wages as well as liquidated damages and attorney's fees under the FLSA.

Central Transport responded to this lawsuit by acknowledging that a number of its janitors had mistakenly not been paid the overtime at issue between September 12, 2011 and February 23, 2014. Central Transport asserted that due to "human error ," a total of thirteen janitors were not paid overtime at the rate of one-and-one-half times the regular wage rate for hours worked between forty and fifty-five hours in a single workweek. Central Transport stated that it has

corrected this wage error and beginning on February 23, 2014, paid the required overtime to all janitors for any hours worked in excess of forty in a workweek.

Bell filed his original complaint of September 12, 2104. Central Transport calculated, based on Bell's self-recorded time, that Bell worked a total of 229 hours of overtime for which he was not compensated at an overtime rate.

On November 14, 2014, in an attempt to resolve this lawsuit, Central Transport made an offer of judgment to Bell pursuant to Fed. R. Civ. P. 68 in the amount of $4,500. This amount is more that triple[1] the amount of overtime pay Bell could recover under the FLSA. Central Transport's offer of judgment also provided for an award of reasonable attorney's fees, litigation expenses, and costs to be determined by the Court.

On November 21, 2014, Bell's counsel filed a notice that another janitor, Garfield Lacy, consented to be an opt-in plaintiff in this lawsuit. Based on Lacy's own self-recorded time records, he worked as a janitor for four weeks and accumulated fifteen hours of overtime for which he was not compensated at the overtime rate.

---

[1] Under the FLSA, a plaintiff is entitled to recover unpaid overtime pay, and potentially an equal amount as liquidated damages for a total maximum recovery of double the amount of overtime pay which was due. In addition, a prevailing plaintiff may recover attorneys fees and costs. 29 U.S.C. § 216(b).

On November 24, 2014, Central Transport made an offer of judgment to Lacy pursuant to Fed. R. Civ. P. 68 in the amount of $500. This amount is more that quadruple the amount of overtime pay Lacy could recover under the FLSA. Central Transport's offer of judgment also provided for an award of reasonable attorney's fees, litigation expenses, and costs to be determined by the Court.

Neither Bell nor Lacy accepted the offer of judgment.

In addition, Central Transport calculated that the eleven other persons who worked as janitors were entitled to $7,940.97 of overtime pay. Central Transport sent each of these affected individuals a check for the overtime pay they were due plus an equal amount as liquidated damages and an additional $100. As a result, each of these individuals received more than they could recover under the FLSA.

Central Transport has filed a motion to dismiss under Fed. R. Civ. P. 12(h)(3) for a lack of subject matter jurisdiction. It argues that its offers of judgment to Bell and Lacy fully satisfied their claims, divesting them of any personal stake or legally cognizable interest in the outcome of this action, rendering this action moot. Plaintiffs oppose the dismissal.

***Legal Standard***

"In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of

the action." Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523, 1528 (2013)(internal quotes omitted). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." Id. (internal quotes and citation omitted). Lack of subject-matter jurisdiction cannot be waived, and a court has a duty to ensure it has jurisdiction over a case. Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Because jurisdiction is a threshold question, the court may look outside the pleadings in order to determine whether subject matter jurisdiction exists." Green Acres Enterprises, Inc. v. U.S., 418 F.3d 852, 856 (2005).

*Discussion*

In its motion to dismiss, Central Transport asserts that subject matter jurisdiction is lacking in this action based on its offers of judgment to Bell and Lacy. Central Transport argues that because its offers of judgment provided the complete relief (and more) available under the FLSA, Bell and Lacy no longer have a personal stake in this action.

Courts in this circuit have ruled that an offer of judgment which provides

complete relief under the FLSA has the effect of making plaintiff's claims moot, even if the offer of judgment is not accepted. See Hendricks v. Inergy, L.P., 2013 WL 6984634, *6 (July 18, 2013 E.D. Ark.) (unaccepted offers of judgment which fully satisfied FLSA claims made plaintiffs' claims moot); Campbell v. Northwest Health & Rehab, Inc., 2014 WL 584368, 1 (February 13, 2014 E.D. Ark.) (same). The United States Supreme Court has ruled that an FLSA lawsuit became moot when the named plaintiff's individual claim became moot based on an unaccepted offer of judgment which provided plaintiff with full relief. Genesis Healthcare Corp., 133 S.Ct. at 1529 (the Court assumed without deciding that a FLSA plaintiff's claim became moot based on the unchallenged rulings of the lower courts in the case).[2]

The present case is in the same posture as the proceedings in Hendricks, Campbell, and Genesis Healthcare. The sole plaintiffs in this case, Bell and opt-in plaintiff Lacy, both received offers of judgment under Rule 68 which would completely resolve their claims. Central Transport has provided an affidavit and spreadsheets in support of its calculations of the overtime due these plaintiffs.

---

[2] Bell and Lacy's argue that their claims are not completely mooted because in addition to damages, the complaint seeks a Court-approved notice to similarly situated janitors. This argument is foreclosed by Genesis Healthcare which held that if an FLSA plaintiff's claims become moot, the entire lawsuit becomes moot.

Bell and Lacy object to the motion to dismiss, in part, by arguing that the documentation used to calculate the overtime did not include Bell and Lacy's original daily time records. However, Bell and Lacy asserted overtime claims in this lawsuit and are in the unique position to know how many hours of unpaid overtime they worked, which is the basis of their claims. In opposing Central Transport's motion to dismiss, Bell and Lacy have not offered their own pay-stubs, sworn affidavits, or any other evidence which would call into question the accuracy of Central Transport's calculation of overtime owed to Bell and Lacy.

Moreover, although not relevant to the issue of whether this action is moot, it is important to note that Central Transport fully satisfied the overtime pay due to the only other janitors (eleven of them) who might have been included in a collective action. Central Transport's action in making offers of judgment to Bell and Lacy and issuing payments to the other eleven affected janitors was not a compromise settlement. The payments Central Transport offered to Bell and Lacy under Rule 68 and paid to the remaining eleven janitors was in complete satisfaction of the damages these janitors could have received under the FLSA. The universe of potential claimants in this action have been addressed. There are no other individuals who have viable claims who would benefit from the continued litigation of this case. Rule 1 of the Federal Rules of Civil Procedure

states that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Because Bell and Lacy have been offered the complete relief they could receive under the FLSA, I find that their claims are moot. There is no need to prolong this litigation. As a result, this lawsuit is moot and Central Transport's motion to dismiss will be granted.

The Eighth Circuit has indicated that when an offer of judgment moots an action, the proper procedure is to enter judgment for the plaintiff in accordance with the Rule 68 offer of judgment. See Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 949 (8th Cir. 2012). See also Hendricks, 2013 WL 6984634, *6 (applying Hartis and entering a judgment based on the unaccepted offer of judgment terms). I will enter a judgment for Bell and Lacy and retain jurisdiction to determine the amount of attorneys fees and costs.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion to dismiss [#32] is **GRANTED**. Plaintiff's claims are hereby **DISMISSED with prejudice**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of February, 2015.